UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST BRANDON, VALENTIN CAPRARU, and ADRIAN KEARNS, on behalf of themselves, on behalf of all persons similarly situated, and as a Private Attorney General,<br><br>Plaintiffs,<br><br>v.<br><br>C.H. ROBINSON COMPANY INC.; C.H. ROBINSON WORLDWIDE, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:14-cv-966-GEB-DAD<br><br>**ORDER REMANDING CASE TO STATE COURT** |

Plaintiffs seek an order remanding this putative class action to the state court from which it was removed, arguing removal jurisdiction asserted under the Class Action Fairness Act of 2005 ("CAFA") does not exist since Defendants have not shown CAFA's $5-million amount-in-controversy requirement is satisfied. Defendants oppose the motion.

**I. BACKGROUND**

The following allegations are pertinent to the motion. Plaintiffs allege in their Complaint, inter alia, a claim for failing to pay overtime compensation prescribed in the California Labor Code. Specifically, Plaintiffs allege in their Complaint:

1

"As a matter of company policy, practice, and procedure [Defendants] ha[ve] . . . classified every Transportation Representative as exempt from overtime pay . . . ." (Not. of Removal Ex. A, Class Action Compl. ("Compl.") ¶ 12, ECF No. 1-2.) Plaintiffs further allege class members "typically worked hours in excess of eight (8) hours in a workday, forty (40) hours in a workweek, and/or worked hours on the seventh (7th) consecutive day of any workweek, . . . though the schedule and amount of overtime worked varied based upon the needs of [Defendants], [and] the instructions of [] management . . . ." (Id. ¶ 11.)

Plaintiffs assert their unpaid overtime claim on behalf of themselves and "all persons who are or previously were employed by [Defendants] in California as Transportation Representatives" "at any time during the period beginning on the date three (3) years prior to the filing of the action" on October 9, 2013, "and who were classified as exempt from overtime wages and who have not executed a release in favor of [Defendants]." (Compl. ¶¶ 26, 38, 26.)

Defendants contend the amount in controversy exceeds $7.70 million, with approximately $3.53 million attributable to Plaintiffs' unpaid overtime claim. (Defs.' Opp'n 13:14-20, ECF No. 6.)

**II. LEGAL STANDARD**

"A defendant seeking removal of a putative class action [under CAFA] must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum [of $5 million]." Rodriguez v. AT&T Mobility Servs., 728 F.3d 975, 981 (9th Cir. 2013). However,

"[c]onclusory allegations as to the amount in controversy are insufficient" to establish the jurisdictional amount. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090-91 (9th Cir. 2003). "Under this burden, the [removants] must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$5 million]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). When deciding whether this burden is satisfied, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). If not, the court may "consider[] facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Matheson, 319 F.3d at 1090 (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)).

### III. DISCUSSION

Plaintiffs dispute Defendants' basis for contending that the amount in controversy exceeds $7.70 million; however, only the portion of this disputed amount concerning Plaintiffs' unpaid overtime claim, alleged under the California Labor Code, which Defendants argue is approximately $3.53 million, need be addressed.

California Labor Code section 510(a) prescribes:

> Any work in excess of eight hours in one workday and in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.

3

1 Defendants submit a declaration from Kathy Arnold, Director of Employee Relations for Defendants, as support for their amount-in-controversy argument concerning Plaintiffs' unpaid overtime claim. Ms. Arnold declares she reviewed the following information for each employee to determine the number of putative class members and the amount in controversy: "(1) the last known address, (2) hire date, (3) termination date, and (4) total cash compensation for each year during the relevant period." (Decl. of Kathy Arnold in Supp. of Defs.' Not. of Removal ("Arnold Decl.") ¶ 3, ECF No. 1-12.) Ms. Arnold further avers:

> Although the number of hours each Transportation Representative works each week varies, depending on the circumstances related to each workplace, each individual's job responsibilities, and each individual's personal habits, it is likely that the majority of Transportation Representatives typically work schedules of approximately 40-50 hours per week, and have done so for the relevant period.

(Id. ¶ 5.)

Defendants also rely on the deposition testimony of two employees, Barry R. Cohen, of Defendants' San Diego, California branch office, and Timothy Rieff, of Defendants' Carson, California branch office, concerning the schedules of putative class members. Each of these employees testified specifically about work schedules only in his respective branch. Mr. Cohen testified that as of April 15, 2011, "[i]n [his] branch the standard day is 7:00 to 4:30" with "an hour lunch out of that" for a total of eight and one-half daily work hours. (Supp. Decl. of Jack S. Sholkoff in Opp. to Pls.' Mot. to Remand ("Sholkoff

4

1  Decl.") Ex. C, Dep. Of Barry Richard Cohen 195:10-11, 195:14, ECF
2  No. 6-1.) Mr. Rieff testified that as of April 27, 2011, in his
3  branch, employees worked five different nine-hour shifts, took
4  lunch breaks of an unspecified length, and could take rest
5  breaks. (Sholkoff Decl. Ex. B, Dep. of Timothy Reiff 128:22-
6  129:15.) Defendants contend this evidence and the allegation in
7  Plaintifs' Complaint that class members "typically worked hours
8  in excess of eight (8) in a workday [or] forty (40) hours in a
9  workweek," justify "assum[ing] and us[ing] a figure of <u>at least</u>
10 <u>2.5 hours per week of unpaid overtime</u>" for each class member
11 during every week of the class period for a total amount in
12 controversy for the unpaid overtime claim of approximately $3.53
13 million. (Defs.' Opp'n 6:6-7 (citing Compl. ¶ 11), 9:4-5, 9:11.)

14       Plaintiffs argue in their remand motion: "Instead of
15 relying on competent, summary judgment type evidence," that in
16 support for their claimed amount in controversy, "Defendants rely
17 exclusively on speculation and conjecture." (Mot. to Remand 1:6-
18 7, ECF No. 4.)

19       To satisfy their burden, Defendants must demonstrate
20 their amount-in-controversy calculation is based on variables
21 "'facially apparent' from the [C]omplaint" or supported by
22 "summary-judgment-type evidence," <u>Singer</u>, 116 F.3d at 377, rather
23 than "speculative and self-serving assumptions." <u>Garibay v.</u>
24 <u>Archstone Communities LLC</u>, 539 F. App'x 764, 764 (9th Cir. 2013);
25 see also <u>Calloway v. Affiliated Computer Servs., Inc.</u>, No. 13-cv-
26 1648-KJM-DAD, 2014 WL 791546, at *7 (E.D. Cal. Feb. 25, 2014)
27 ("[A] district court may not find a defendant has met the
28 preponderance of evidence standard based on defendant's mere

speculation and conjecture."); <u>Roth v. Comerica Bank</u>, 799 F. Supp. 2d 1107, 1127 (C.D. Cal. 2010) (compiling cases and stating, "[w]hen applying the preponderance of the evidence standard to California Labor Code claims, many California district courts have refused to credit damage calculations based on variables not clearly suggested by the complaint or supported by evidence, concluding that the calculations are mere conjecture"). Here, the specific figure of two and one-half hours of weekly unpaid overtime per employee is not facially apparent from the unclear allegation in Plaintiffs' Complaint that class members "typically worked [overtime] hours."

Turning to Defendants' evidence, Ms. Arnold's averment that "it is likely that the majority of Transportation Representatives typically work schedules of approximately 40-50 hours per week" lacks foundation and, therefore, does not support Defendants' conclusion that Plaintiffs have put in controversy at least two and one-half hours of weekly unpaid overtime per employee. (Arnold Decl. ¶ 3.) See <u>Ornelas v. Children's Place Retail Stores, Inc.</u>, No. 13-cv-2226 JAK (MRWx), 2013 WL 2468388, at *4 (N.D. Cal. June 5, 2013)("A declaration stating the number of employees who worked for Defendant during the years prior to this action, together with assumptions about these employees, is not sufficient to establish it is more likely than not that the amount in controversy in this case exceeds $5 [m]illion.").

Nor does Mr. Cohen's or Mr. Reiff's deposition testimony support Defendants' unpaid overtime figure since Defendants have not shown the plausibility of their extrapolation from schedules at individual branch offices schedules to

6

schedules at other branches. Cf. Campbell v. Vitran Express, Inc., 471 F. App'x 646, 649 (9th Cir. 2012) (holding that a defendant showed CAFA's jurisdictional minimum had been met by a preponderance of the evidence where Defendants showed, inter alia, that their calculations were based on depositions of class representatives who testified as to their own work conditions, "all the other employees they knew," and all "employees statewide"). Therefore, Defendants have not satisfied their burden of showing that the amount in controversy for Plaintiffs' unpaid overtime claim is approximately $3.53 million.

Removal of $3.53 million from Defendants' total claimed $7.70-million amount in controversy reduces the claimed amount in controversy to $4.17 million, which is below the CAFA $5-million jurisdictional minimum. Therefore, this case will be remanded.

## IV. CONCLUSION

For the stated reasons, Plaintiffs' motion to remand is GRANTED. This case is remanded to the Superior Court of California, County of Sacramento, from which it was removed, and the Clerk of this federal court shall close this action.

Dated:  June 11, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

7